NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 5 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| D.C., a minor by and through his Guardian Ad Litem, Helen Garter, on behalf of himself and all others similarly situated, | No.    18-55853 |
| | D.C. No. 3:15-cv-01868-MMA-NLS |
| Plaintiff-Appellant, | |
| v. | MEMORANDUM[*] |
| COUNTY OF SAN DIEGO; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, Senior District Judge, Presiding

Argued and Submitted October 16, 2019
Pasadena, California

Before:  NGUYEN and MILLER, Circuit Judges, and VITALIANO,[**] District Judge.

D.C., on his own behalf and on behalf of others similarly situated, brought

this action against the County of San Diego, under 42 U.S.C. § 1983, for violation

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

1

of his constitutional rights.  He now appeals the district court's denial of his motion to certify a liability-only class.[1]  We have jurisdiction under 28 U.S.C. § 1292(e) and Federal Rule of Civil Procedure 23(f), and we affirm.

D.C. contends that determination of the question of liability on the claims he seeks to advance could fit comfortably within the ambit of Rule 23(c)(4).  *See* Fed. R. Civ. P. 23(c)(4).  Notwithstanding any success D.C. might have in advancing liability-only class claims against the County—and his burden has very likely been lightened by our decision in *Mann v. County of San Diego*, 907 F.3d 1154 (9th Cir. 2018)—certification of such a class would be "appropriate" only if the adjudication of the certified issues would "significantly advance the resolution of the underlying case, thereby achieving judicial economy and efficiency."  *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1229 (9th Cir. 1996).

Consideration of D.C.'s request for certification of a liability-only class cannot be divorced from the impact the certification decision might have on the resolution of class claims.  In his complaint, D.C. alleges that he and other putative class members suffered damages for, inter alia, emotional distress, humiliation, and loss of "human dignity" resulting from the County's overly intrusive physical

---

[1] D.C.'s motion for certification of a liability-only class under Rule 23(c)(4) followed the district court's earlier denial of certification to his proposed Rule 23(b)(3) class.  The latter determination is not before us on this appeal.

examinations of them. The district court found that, regardless of any resolution of issues a liability-only class might afford, individualized injuries of each class member would still potentially require tens of thousands of trials. It was appropriate for the district court to bring its practical assessment and broader perspective to its consideration of D.C.'s request for certification of a liability-only class.

Although we are, of course, mindful that individualized questions of damages cannot alone defeat class certification, *Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 513 (9th Cir. 2013), plaintiffs seeking certification must nevertheless carry their burden of showing damages are capable of efficient calculation. *Id.* at 514; *see also Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013) (damages must only be "*capable* of measurement on a classwide basis" to promote the efficient resolution of the class action for certification) (emphasis added); *Nguyen v. Nissan N. Am., Inc.*, 932 F.3d 811, 817 (9th Cir. 2019).

The district court correctly recognized and applied this standard in considering D.C.'s request for certification of a Rule 23(c)(4) liability-only class, finding, within the bounds of its discretion, that D.C. failed to show that damages could be efficiently calculated on a classwide basis following success in the liability phase of the litigation. Based on its finding that certification of a liability-only class would not significantly advance the resolution of the class claims, the

3

district court did not abuse its discretion by denying D.C.'s motion for certification of a liability-only class.

**AFFIRMED.**